TRINETTE G. KENT (State Bar No. 025180)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

*Of Counsel to*
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Ray Baxter

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ray Baxter, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Synchrony Bank f/k/a GE Capital Retail Bank, | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff, Ray Baxter (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against Synchrony Bank f/k/a GE Capital Retail Bank (hereafter "Defendant") and alleges as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA").

2. Jurisdiction of this Court arises under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff is an adult individual residing in Mesa, Arizona, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

5. Synchrony is a business entity located in Draper, Utah, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

6. At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

7. At all times mentioned herein, Plaintiff utilized a cellular telephone service and was assigned the following telephone number: 602-xxx-2709 (hereafter "Number").

8. Defendant placed calls to Plaintiff's Number in an attempt to collect a debt from someone other than Plaintiff.

9. The aforementioned calls were placed using an automatic telephone dialing system ("ATDS").

10. When Plaintiff answered calls from Defendant, he was met with a clicking noise followed by a period of silence.

11. During a live conversation in or around August of 2014, Plaintiff explained to Defendant that it was calling the wrong telephone number and requested the calls to cease.

12. Despite the foregoing, Defendant continued to call Plaintiff.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

13. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

14. The TCPA prohibits Defendant from using, other than for emergency purposes, an ATDS when calling Plaintiff's Number absent Plaintiff's prior express consent to do so. See 47 U.S.C. § 227(b)(1).

3

15. Defendant's telephone system has the earmark of using an ATDS in that Plaintiff, upon answering calls from Defendant, was met with a clicking noise followed by a period of silence.

16. Defendant called Plaintiff's Number using an ATDS without Plaintiff's consent in that Defendant either never had Plaintiff's prior express consent to do so or such consent was effectively revoked when Plaintiff requested that Defendant cease all further calls.

17. Defendant continued to willfully call Plaintiff's Number using an ATDS knowing that it lacked the requisite consent to do so in violation of the TCPA.

18. Plaintiff was harmed and suffered damages as a result of Defendant's actions.

19. The TCPA creates a private right of action against persons who violate the Act. See 47 U.S.C. § 227(b)(3).

20. As a result of each call made in violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages.

21. As a result of each call made knowingly and/or willingly in violation of the TCPA, Plaintiff may be entitled to an award of treble damages

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant for:

A. Statutory damages of $500.00 for each call determined to be in violation of the TCPA pursuant to 47 U.S.C.§ 227(b)(3);

4

B. Treble damages for each violation determined to be willful and/or knowing under the TCPA pursuant to 47 U.S.C.§ 227(b)(3); and

C. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  August 25, 2015                    LEMBERG LAW, LLC


By:  */s/   Trinette G. Kent*
Trinette G. Kent
Lemberg Law, LLC
Attorney for Plaintiff, Ray Baxter